IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

BALJIT S. NANDA, derivatively on behalf of
K&G PETROLEUM, LLC,

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., also known as
JPMORGAN CHASE & CO., and J.P. MORGAN
CHASE NATIONAL CORPORATE SERVICES, INC.,

      Defendant.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and D.C.COLO.LCivR 81.1, Defendant JPMorgan Chase Bank, N.A. ("JPMC"), also erroneously referred to as JPMorgan Chase & Co. and J.P. Morgan Chase National Corporate Services, Inc., respectfully gives notice of the removal to the United States District Court for the District of Colorado, the state court action captioned *Baljit S. Nanda, derivatively on behalf of K&G Petroleum, LLC v. JPMorgan Chase Bank, N.A., also known as JPMorgan Chase & Co., and JPMorgan Chase National Corporate Services, Inc.*, Case Number 2012 CV 569, filed in the District Court of Douglas County, Colorado (the "State Court Action").[1] In support of removal, JPMC states as follows:

---

[1] The caption of the State Court Action is erroneous in that JPMC is not "also known as" either "JPMorgan Chase & Co." or "J.P. Morgan Chase National Corporate Services, Inc." Each of these three companies are distinct legal entities.  *See* paras. 2, 13, *infra*.

**BACKGROUND AND GENERAL REQUIREMENTS**

1. On March 13, 2012, Baljit S. Nanda ("Nanda") derivatively on behalf of K&G Petroleum, LLC (the "LLC" or "Plaintiff") filed a Verified Complaint (the "Complaint") in the State Court Action. The LLC's Complaint asserts claims of negligence and improper payment of checks pursuant to C.R.S. § 4-4-401 against JPMC arising out of the allegedly improper establishment of bank accounts at JPMC in the LLC's name by one if its members, managers, and employees, Preet Singh Puri ("Puri"), and the withdrawal of certain funds from those accounts. (Compl. ¶¶ 7-35.) A true and correct copy of the Complaint is attached hereto as Exhibit 1 and is incorporated herein by reference.

2. JPMC is the only Defendant in the State Court Action. (*Id.* at 1.) Contrary to the caption styled by Plaintiff in this matter, JPMC is not "also known as" either "JPMorgan Chase & Co." or "J.P. Morgan Chase National Corporate Services, Inc." Rather, each of these three entities are distinct legal entities. (*Id.* ¶¶ 2-4.) The Complaint includes no general allegations against "JPMorgan Chase & Co." or "J.P. Morgan Chase National Services, Inc.," but includes them against only JPMC. (*Id.* ¶¶ 7-35.)

3. On March 19, 2012, JPMC was served with a Summons and Complaint.[2]

4. Pursuant to 28 U.S.C. § 1446(b), JPMC files this Notice of Removal within thirty days of its receipt of the Complaint and within one year of commencement of this action.

5. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the District Court of Colorado because the State Court Action is currently pending in the District Court of

---

[2] The Summons contains the same errors as the caption. Plaintiff issued a single Summons to J.P. Morgan Chase National Corporate Services, Inc., but indicated that it was directed to "JPMorgan Chase Bank, N.A." JPMC understands that the intent of the Summons was for it to be issued to JPMC and responds accordingly.

Douglas County, Colorado, and this Court is therefore the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1446(d), JPMC has contemporaneously filed with the Clerk of the District Court of Douglas County, Colorado, and served on all adverse parties, a true and correct copy of this Notice of Removal.

## GROUNDS FOR REMOVAL

7. Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (cited with approval in *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005)). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met at the time of removal. *McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). As explained below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the LLC and JPMC and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. The LLC is a Colorado limited liability company with its principal place of business in the State of Colorado. (Ex. 1, Compl. ¶ 1.)

9. The LLC has only two members: Nanda and Puri. (*Id.* ¶¶ 1, 12.)

10. Puri has alleged, and Chase believes, that he is a citizen of the State of Colorado. (Exhibit 2, ¶ 16 (a true and correct copy of the *Amended Complaint and Jury Demand and*

*Complaint in Intervention* filed by Puri in *Puri v. Nanda*, Case No. 2010 CV 538 (District Court of Douglas County, Colorado)).)

11. Nanda has admitted, and Chase believes, that he is a citizen of the State of Colorado. (Exhibit 2, ¶ 19; Exhibit 3 ¶ 19 (a true and correct copy of *Defendant / Counterclaim Plaintiff's Answer to Amended Complaint and Jury Demand and Complaint in Intervention* filed by Nanda in *Puri v. Nanda*, Case No. 2010 CV 538 (District Court of Douglas County, Colorado)).)

12. JPMC is now, and has been at all times relevant to the claims set forth in the Complaint, a federally chartered bank with its principal place of business in Columbus, Ohio, the state listed in its organization certificate. (Exhibit 4 (a true and correct copy of the Certification of JPMC).) JPMC is, therefore, a citizen of the State of Ohio for purposes of diversity and is not a citizen of the State of Colorado for the purpose of 28 U.S.C. § 1332(c)(1) or 28 U.S.C. § 1441(b) at any time relevant to the claims set forth in the Complaint.

13. As noted above, JPMC is not "also known as" either "JPMorgan Chase & Co." or "J.P. Morgan Chase National Corporate Services, Inc." *See* para. 2, *supra*. In any event, JPMorgan Chase & Co. is a Delaware corporation with its principal place of business in New York, New York, and J.P. Morgan Chase National Corporate Services, Inc. is a New York corporation, with its principal place of business in New York, New York. (Ex. 1, ¶¶ 3-4.) Therefore, even if these separate companies had been named as parties, they are citizens of either Delaware or the State of New York, or both, for purposes of diversity and are not citizens of the State of Colorado for the purpose of 28 U.S.C. § 1332(c)(1) or 28 U.S.C. § 1441(b) at any time relevant to the claims set forth in the Complaint.

14. Accordingly, there exists complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a) because JPMC is not a citizen of the same state in which the LLC is a citizen, and this case is properly removable because JPMC is not a citizen of the state in which this action was brought under 28 U.S.C. § 1441(b).

15. Where, as here, a complaint does not contain a controlling *ad damnum* clause, the removing defendant must allege by a "preponderance of the evidence" that "the amount in controversy may exceed $75,000." *McPhail*, 529 F.3d at 953. Such a showing is satisfied where the removing defendant's Notice of Removal presents jurisdictional facts supporting the "assertion that this case may involve more than $75,000." *Id.* at 955; *Laughlin*, 50 F.3d at 873. The party seeking removal can meet this burden by, *inter alia*, supporting its allegations of jurisdiction with either "an estimate of the potential damages from the allegations in the complaint" or "other documentation [that] can provide the basis for determining the amount in controversy." *McPhail*, 529 F.3d at 951-52, 955-56. "[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *Id.* at 955.

16. Here, the damages sought in the Complaint exceed the jurisdictional amount in controversy requirement contained in 28 U.S.C. § 1332(a) because the LLC's claims arise out of an allegedly unauthorized deposit by one of the LLC's members, managers, and employees of "approximately $6,689,730" of the LLC's funds into bank accounts at JPMC and the subsequent withdrawal of those funds, along with interest. (Ex. 1, ¶¶ 30-33.) Therefore, under *McPhail* and *Laughlin*, the jurisdictional amount in controversy is more than satisfied here, rendering this matter properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(a).

17. Accordingly, because the LLC is not a citizen of the same state as JPMC, JPMC is not a citizen of the state in which this action was filed, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, this action may be removed to this Court on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441(a).

18. In accordance with D.C.COLO.LCivR 81.1(b), copies of all pleadings, motions, and other papers in the State Court Action to date are attached to this Notice of Removal. A copy of the current docket sheet is attached hereto as Exhibit 5. The "Verified Complaint" in the State Court Action is attached hereto as Exhibit 6. The "District Court Civil (CV) Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint" in the State Court Action is attached hereto as Exhibit 7. The "Affidavit of Service" in the State Court Action is attached hereto as Exhibit 8. The "Summons Upon J.P. Morgan Chase National Corporate Services, Inc." in the State Court Action is attached hereto as Exhibit 9.

19. As evidenced by the Notification of Filing Notice of Removal (attached hereto as Exhibit 10), JPMC has given notice of removal to the Clerk of the Douglas County District Court and to the LLC's counsel.

20. Pursuant to D.C.COLO.LCivR 81.1(c), JPMC certifies that no hearing has been set in the State Court Action at the time of this removal.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. removes this action from the District Court of Douglas County, Colorado to the United States District Court for the District of Colorado.

Respectfully submitted this 6th day of April, 2012.

        GREENBERG TRAURIG, LLP

        *s/ Troy A. Eid*_____
        Troy A. Eid, #21164
        The Tabor Center
        1200 Seventeenth Street, Suite 2400
        Denver, Colorado 80202
        Tel:  303.572.6500
        Fax: 303.572.6540
        Email: eidt@gtlaw.com

        ATTORNEY FOR
        JPMORGAN CHASE BANK, N.A.

## CERTIFICATE OF SERVICE

I, Troy A. Eid, an attorney, hereby certify that I caused to be served a copy of the foregoing **NOTICE OF FILING AND NOTICE OF REMOVAL** upon the counsel of record below via United States mail, first-class, postage prepaid, at or before the hour of 5 p.m. on April 6, 2012:

Patrick D. Vellone, Esq.
Matthew M. Wolf, Esq.
Tatiana G. Popacondria, Esq.
Allen & Vellone, P.C.
1600 Stout Street, Suite 1100
Denver, Colorado 80202-3160

*Attorneys for Plaintiff*

*s/ Denise Coale*_____
Denise Coale