# EXHIBIT 1

EFILED Document
CO Douglas County District Court 18th JD
Filing Date: Mar 13 2012  6:05PM MDT
Filing ID: 43067160
Review Clerk: catherine cunningham

| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO** Douglas County Justice Center 4000 Justice Way Castle Rock, CO 80109-1918 Tel. 303-663-7200 | |
| **Plaintiff:** BALJIT S. NANDA derivatively on behalf of K&G PETROLEUM, LLC. v. | |
| **Defendant:** JPMORGAN CHASE BANK, N.A., also known as JPMORGAN CHASE & CO. and J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. | ▲  **COURT USE ONLY**  ▲ |
| Patrick D. Vellone, No. 15284 Matthew M. Wolf, No. 33198 Tatiana G. Popacondria, No. 42261 Allen & Vellone, P.C. 1600 Stout Street, Suite 1100 Denver, CO 80202-3160 Phone Number:  303-534-4499 FAX Number:  303-893-8332 E-mail:  pvellone@allen-vellone.com         mwolf@allen-vellone.com         tpopacondria@allen-vellone.com *Counsel for Plaintiff* | Case Number:  Division: |
| **VERIFIED COMPLAINT** | |

Baljit S. Nanda ("Nanda"), derivatively on behalf of K&G Petroleum, LLC, by and through the undersigned counsel, Allen & Vellone P.C., for the Complaint against the above-named defendant states and avers as follows:

## PARTIES

1.     Plaintiff K&G Petroleum, LLC ("Petroleum") is a Colorado limited liability company with the principal address at 10459 Park Meadows Drive, Building 3, Littleton, CO

80124.

2.      JPMorgan Chase Bank, N.A., is a national association with its principal executive office located at 270 Park Ave., 38th Floor, New York, NY 10017.

3.      JPMorgan Chase & Co., is a Delaware corporation with its principal street address at 270 Park Ave., 38th Floor, New York, NY 10017, and its principal mailing address at 4 New York Plaza, 19th Floor, New York, NY 10004.

4.      J.P. Morgan Chase National Corporate Services, Inc. is a New York corporation with its principal street and mailing address at 270 Park Ave., New York, NY 10017.

## JURISDICTION AND VENUE

5.      Pursuant to C.R.C.P. 98(c)(5), venue is proper in this Court, because the tort has been committed in Douglas County; and/or pursuant to C.R.C.P. 98(c)(1), because Defendant may be found in Douglas County.

6.      Pursuant to Colorado Constitution, Article VI § 9, this Court is vested with subject matter jurisdiction over the claims asserted in this action.

## GENERAL ALLEGATIONS

7.      Nanda is the founder, manager and member of Petroleum. He owns the majority of the outstanding membership interest in Petroleum.

8.      Preet Singh Puri ("Puri") is the minority member of Petroleum, who owns, at best, 49% of Petroleum.

9.      At all relevant times, Nanda was a member of Petroleum, and was a member of Petroleum at the time of the transactions challenged herein.

10.     Any effort to obtain Puri's consent to bring this action would be futile, since he is

the member who, as herein alleged, was involved as a wrongdoer.

11.     Nevertheless, on March 7, 2012, via a letter from the undersigned counsel, Nanda attempted to convince counsel for Puri, the only other member of Petroleum, of the propriety of the claims alleged herein. Any further effort to secure Puri's agreement would be futile.

12.     In addition, on March 7, 2012, Nanda, via a letter from the undersigned counsel, requested that Petroleum bring these claims against Chase. Any further demand for corporate action would be futile because Puri, the only other member of Petroleum, is an adverse party.

13.     Because claims asserted herein against Chase implicate Puri as an additional wrongdoer, members of Petroleum will not be able to agree to proceed with this action.

14.     At all relevant times, Puri was Petroleum's employee and one of its two "managers."

15.     Nanda is also the president and majority shareholder of K&G Stores, Inc. ("Stores").

16.     On or about November 18, 2005, Puri opened a checking and the associated savings account (the "Account") with JP Morgan Chase Bank, N.A. ("Chase") in the name of K&G Petroleum, L.L.C.

17.     When opening the Account, on the account setup form Puri indicated that he was the sole owner/member of Petroleum.

18.     Rather than using Petroleum's business address, Puri used his home address as the contact for the Account.

19.     Puri was the only person with access to that Account and he maintained the sole signature authority on the Account.

20.    At the time the Account was opened, Chase did not inquire and did nothing to confirm whether Puri was in fact the sole owner/member of Petroleum.

21.    At the time the Account was opened, Chase did not inquire and did nothing to confirm that the address provided by Puri was Petroleum's business address.

22.    Chase failed to inquire into Puri's authority to open, maintain, and deposit Petroleum's funds into the Account.

23.    Nanda did not discover until February of 2011 that Puri had opened the Account. Such discovery was made in connection with litigation between Nanda and Puri, Case Number 2010 CV 538, currently pending before the Douglas County District Court, State of Colorado.

24.    Nanda, the majority member and manager of Petroleum, did not know about, let alone authorize, Puri to open this Account.

25.    Nanda did not authorize Puri to deposit or direct any of Petroleum's money into this Account.

26.    Puri was not authorized to withdraw Petroleum's funds from the Account.

27.    Puri was not authorized to draw checks on the Account or make payments from the Account.

28.    Puri was not authorized to transfer Petroleum's funds from the Account into Puri's personal accounts at various banks, including Chase.

29.    Furthermore, the Account statements were sent to an address that did not provide notice to Nanda that the Account had been opened, nor did Nanda have an opportunity to review any bank statements.

30.    From about November 28, 2005 until about November 12, 2010, Puri directed

4

approximately $6,689,730 of Petroleum's funds into the Account.

31.    The Account earned approximately $87,000 in interest from 2005 until the end of 2010.

32.    Puri paid out of, and charged to, the Account various personal items and expenses in the total amount of $68,913.

33.    In addition, Puri withdrew $6,572,420, the balance of the deposited funds, along with interest, and deposited the same in personal accounts at JP Morgan Chase Bank and other financial institutions.

34.    Chase failed to inquire about Puri's authority to use Petroleum's funds in a way described herein.

35.    Puri closed the Account in late 2010, apparently after receiving discovery requests from Nanda in Case Number 2010 CV 538, currently pending in Douglas County District Court, State of Colorado.

## FIRST CLAIM FOR RELIEF
### (Negligence)

36.    Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs, as if set forth fully herein.

37.    Chase owed to Petroleum, its customer and a person in whose name the account was opened, a duty to act with due care and in a commercially prudent manner during the Account opening process and a duty to verify that all withdrawals, transfers and payments from the Account were authorized.

38.    Puri had no authority to open the Account on behalf of Petroleum.

39.    From about November 28, 2005 until about November 12, 2010, Puri deposited

approximately $6,689,730 of Petroleum's funds into the Account.

40.     Puri paid out of, and charged to, the Account various personal items and expenses in the total amount of $68,913.

41.     In addition, Puri withdrew $6,572,420, the balance of the deposited funds, along with interest, and deposited the same in personal accounts at JP Morgan Chase Bank and other financial institutions.

42.     Puri was not authorized to use Petroleum's funds deposited in the Account in a way described herein.

43.     By allowing Puri to open the Account, Chase breached the duty of inquiry it owed to Petroleum to investigate and verify, *inter alia*, that Puri had authority to open the account on behalf of Petroleum and deposit Petroleum's money therein.

44.     By allowing Puri to use Petroleum's funds in the Account in the manner described herein, Chase breached its duty to verify that withdrawals, transfers, and payments from the Account were authorized.

45.     As a result of Chase's breach of its duties to Petroleum, Petroleum has been damaged in the amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Improper Payment, C.R.S. § 4-4-401)**

46.     Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs, as if set forth fully herein.

47.     Chase has a duty to only pay properly payable items of its customer.

48.     Petroleum did not authorize Chase to allow Puri to, *inter alia*, write checks or make other payments from the Account for Puri's own benefit.

49.   Chase's charges against the Account constituted improper payment.

50.   Chase's actions caused Petroleum damages and Petroleum is entitled to have the Account re-credited in the amount of such improper payments to be proven at trial.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Nanda requests that Petroleum be awarded damages in the amount to be proven at trial, along with pre- and post-judgment interest, costs, attorneys' fees and such other and further relief as this Court deems just and proper.

**DATED THIS** _____ day of March, 2012.

ALLEN & VELLONE, P.C.

*Pursuant to C.R.C.P. 121, § 1-26(7), a printed copy of this document with original signatures shall be maintained by the filing party and made available for inspection by other parties or the court upon request.*

By: *s/ Matthew M. Wolf*
Patrick D. Vellone, No. 15284
Matthew M. Wolf, No. 33198
Tatiana G. Popacondria, No. 42261

ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S ADDRESS:
10459 Park Meadows Drive Building 3
Littleton, CO 80124.

## VERIFICATION

I, Baljit S. Nanda, a majority member of K&G Petroleum, L.L.C., of lawful age and being first duly sworn, state that I am authorized to verify the foregoing Verified Complaint, and that the information stated therein is true and accurate to the best of my knowledge and belief.

Dated this _12th_ day of _March_, 2012

Baljit S. Nanda

STATE OF COLORADO                    )
                                     ) ss.
COUNTY OF DOUGLAS                    )


Subscribed and sworn to before me this _12_ day of _March_, 2012 by _Baljit S. Nanda_.

WITNESS by hand and official seal

My Commission expires: _11/16/13_


[SEAL]       DAN J KIEL
         Notary Public
         State of Colorado          Notary Public

# EXHIBIT 2

EFILED Document
CO Douglas County District Court 18th JD
Filing Date: May 23 2011  4:01PM MDT
Filing ID: 37750298
Review Clerk: georgia courtright

| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY COLORADO<br>Douglas County Justice Center<br>4000 Justice Way, Suite 2009<br>Castle Rock, Colorado 80109 | |
| **Plaintiff:**<br>PREET SINGH PURI, an individual<br><br>v.<br><br>**Defendants:**<br>BALJIT S. NANDA, an individual, and<br>PCF SALECO, LLC, a Delaware Limited Liability Company<br><br>**Intervening Plaintiff:**<br>BALJIT S. NANDA derivatively on behalf of K&G PETROLEUM, LLC<br><br>v.<br><br>**Defendant:**<br>PREET SINGH PURI<br><br><br>**Intervening Plaintiff:**<br>PREET SINGH PURI, DERIVATIVELY on behalf of K&G PETROLEUM, LLC and K&G STORES, LLC<br><br>v.<br><br>**Defendant:**<br>PCF SALECO, LLC, a Delaware Limited Liability Company | ▲ **COURT USE ONLY** ▲<br><br>Case Number:  2010CV538<br>Division:  6 |
| Attorneys for Plaintiff Preet Singh Puri<br>Gregory S. Tamkin, Colo. Reg. No. 27105<br>Evan M. Rothstein, Colo. Reg. No. 35990<br>DORSEY & WHITNEY LLP<br>1400 Wewatta Street, Suite 400<br>Denver, Colorado 80202-5549<br>Telephone:(303) 629-3400<br>Email:tamkin.greg@dorsey.com<br>Email:rothstein.evan@dorsey.com | |

## AMENDED COMPLAINT AND JURY DEMAND AND COMPLAINT IN INTERVENTION

Preet Singh Puri ("Plaintiff" or "Plaintiff Puri"), individually, and derivatively on behalf of K&G Stores, Inc. and K&G Petroleum (collectively "K&G" or "Derivative Plaintiff") by and through his undersigned attorneys, states his Complaint in this matter as follows:

## I.  INTRODUCTION

1.     For the past several years, Defendant Baljit S. Nanda ("Nanda") has treated K&G of which he is a majority shareholder, as his personal credit facility, improperly siphoning millions of dollars from those companies for unrelated personal uses.  In the meantime, Plaintiff, who is the sole minority owner, and manager of K&G, has been forced to provide personal assets as loans to K&G to solve cash flow problems created by Nanda's self-dealing. Originally, Nanda's actions were conducted surreptitiously, but once they were discovered, Plaintiff and Nanda entered into an agreement whereby all transfers would be documented and any misappropriated funds would be returned.

2.     The transparency that was established, however, did not cease Nanda's continued manipulation of K&G monies as Nanda continues, up until this filing, to direct K&G funds for Nanda's own personal uses.  Over the course of 2009, Nanda diverted more than $10 million to interested businesses, his former partners, or himself, all without Plaintiff's approval.  Nanda's actions place continued strain on K&G, and importantly, caused a capital account imbalance of over $15 million dollars.  Specifically, Nanda has taken more than $10 million out of K&G while Plaintiff has had to put in more than $3.5 million of his own personal funds.

3.     Nanda's abuse of K&G is not solely related to his improper diversion and use of K&G funds for personal ventures.  Indeed, Nanda has also encumbered approximately fourteen K&G physical store locations with liens to benefit disinterested third parties and presumably himself, which significantly affects K&G's abilities to obtain financing.

4.     Rather than respecting Plaintiff as minority shareholder who has been funding and managing K&G, in late 2008 and 2009 Nanda further wronged Plaintiff by usurping a $100 million corporate opportunity for himself.  Namely, as a result of the strong reputation Plaintiff had built for K&G, including solid financial standing and proven market success, K&G was afforded an opportunity to greatly expand its holdings by acquiring approximately 78 additional gas station/convenience stores to add to the approximately 67 stores K&G already owned.  As K&G's acquisition was about to close, however, in direct breach of a signed agreement between Plaintiff and Nanda, Nanda misappropriated this K&G's opportunity for himself with the help of his newly formed and solely owned corporation, Defendant PCF Saleco, LLC, ("PCF"). (collectively, Nanda and PCF, "Defendants").  Plaintiff, on behalf of K&G had been working on the transaction for the five months leading up to the closing, and as the person charged with leading the legal effort, Nanda was able to surreptitiously take the necessary legal steps to wrongfully switch the ownership of the opportunity from the owners of K&G to himself, personally.  He did this without informing K&G of the change, and all the while defrauding K&G and Plaintiff into believe that K&G was making the acquisition.  In so doing, Nanda abused his majority shareholder privileges with K&G by relying upon its business and financial

security to convert a K&G opportunity into a personal Nanda opportunity harming both Plaintiff and K&G.

5.       Not only did Nanda usurp the initial opportunity for himself, but incredibly, on behalf of PCF, he has and is now using K&G's credit and assets to fund and operate PCF and make additional acquisitions for his or PCF's exclusive benefit.

6.       First, Nanda recently completed an acquisition for PCF of a gas and convenience company in the mid-west entitled GasMart USA ("Gas Mart"). However, to complete this acquisition, Nanda improperly borrowed funds from K&G and used those monies to close on the deal. But for Nanda's diversion of K&G funds to PCF, which impacted K&G's cash flow, he and PCF would not have been able to acquire Gas Mart.

7.       Second, Nanda, individually also recently abused his management power at K&G, and did so on behalf of PCF, to negotiate a fuel purchase agreement with Conoco-Phillips to benefit PCF. In March of 2011, Nanda negotiated a deal such that Conoco would extend the terms of the fuel supply agreement with K&G for an additional three years, and by doing so, would return a two cent rebate to a PCF account on every gallon of gas purchased by PCF. However, while K&G agreed to an additional obligation binding itself, the benefit of that obligation, the rebate, went and will go entirely to PCF. This agreement itself provides a cash return of nearly $3 million dollars to PCF. Thus, while K&G forfeited any ability to renegotiate its fuel supply contract with Conoco until 2020, K&G received no benefit—it all went to PCF.

8.       Finally, in the past few months, upon information and belief, Nanda, on behalf of K&G *and* PCF has been negotiating the sale of the rights to the convenience store section of K&G to 7-Eleven. Specifically, Nanda has negotiated to sell 7-Eleven the rights and abilities to operate the convenience stores at K&G stations (now "Jenny's Markets") for a cash sum of $10 million. In fact, Nanda, on behalf of K&G, entered into an agreement with Conoco committing to the transaction and also agreeing that the proceeds of the transaction would go to pay PCF obligations. In other words, Nanda has committed to the conversion of K&G stores to 7-Eleven stores, but has agreed that the consideration goes to an entirely different entity – PCF. Most significantly, this transaction will deprive K&G the benefit of over fifteen years of efforts in developing an efficient retail infrastructure and a trained employee base of 250 Colorado residents. This planned strategy by Nanda is a clear breach of the his obligations to K&G and to Plaintiff.

9.       Nanda's and PCF's activity cannot continue in this fashion. First and foremost, Nanda must be divested of any ability to direct any funds of K&G to himself or to PCF. Second, Nanda must immediately return the funds directed to his other businesses or himself and documented as unapproved, interested advances against his capital account. Third, PCF and Nanda must honor the corporate opportunity misappropriated from K&G and Plaintiff such that Plaintiff's 49% ownership of the PCF assets is recognized. Finally, Nanda must be prevented from further self-dealing that harms either Plaintiff, K&G or PCF, and Nanda must return all rights and assets that belong to Plaintiff and K&G to them.

10.     Accordingly, Plaintiff prays that this Court enter immediate and permanent injunctive relief to prevent Nanda and PCF from accessing any of K&G's accounts and to prevent Nanda from being otherwise involved in the management of any companies in which Plaintiff has an ownership interest.  Plaintiff and K&G further seek an award of damages, costs and attorneys' fees incurred in bringing this action.

## II.   DERIVATIVE ALLEGATIONS

11.     At all relevant times to the transactions challenged (and described in detail below) by Plaintiff Puri derivatively on K&G's behalf, Plaintiff Puri was and is a member of K&G.

12.     On May 9 and May 18, 2011, via telephone and e-mail, Plaintiff Puri, through undersigned counsel, contacted counsel for Nanda regarding the propriety of the derivative claims sought herein and seeking his support.  Nanda, a member of K&G, does not agree and refused to consent to the claims.

13.     Because K&G has only two members, and requires a majority of members to agree to an action such as bringing a derivative lawsuit, and because the other member is Nanda, it is and would be futile for Plaintiff Puri to seek for K&G to bring the claims on its own behalf.

14.     Notwithstanding that futility, counsel for Plaintiff Puri did contact counsel for K&G and notified him of these claims and made a formal request to counsel for K&G that K&G bring the claims itself against Nanda and PCF.

15.     Counsel for K&G stated that it would not bring these claims, and as a result, these claims can only be asserted on a derivative basis by Plaintiff Puri on behalf of K&G.

## III.   PARTIES, JURISDICTION AND VENUE

16.     Plaintiff Preet Singh Puri is a citizen of the state of Colorado residing at 10018 Whistling Elk Drive, Littleton, CO 80127.

17.     Plaintiff K&G Stores, LLC is and Colorado limited liability company with its primary corporate operations located at 10459 Park Meadows Drive, Suite 101, Littleton, Colorado 80124, which is in this district.  As set forth more fully below, Plaintiff Preet Singh Puri is an owner of K&G Stores.

18.     Plaintiff K&G Petroleum, LLC is and Colorado limited liability company with its primary corporate operations located at 10459 Park Meadows Drive, Suite 101, Littleton, Colorado 80124, which is in this district.  As set forth more fully below, Plaintiff Preet Singh Puri is an owner of K&G Stores.

19.     Defendant Baljit S. Nanda is a citizen of the state of Colorado residing at 9951 Stone Glenn Trail, Lone Tree, CO 80124.

20.     Such other and further relief that the Court deems just and appropriate.

## VII.   JURY DEMAND

Plaintiff Preet S. Puri and Derivative Plaintiff K&G hereby demand a trial by jury on all issues so triable.

## VIII.   VERIFICATION

I, Preet Singh Puri, hereby swear or affirm under penalty of perjury that the foregoing allegations are true to the best of my knowledge, information and belief.

s/ Preet Singh Puri
Preet Singh Puri

SUBSCRIBED AND SWORN BEFORE ME this 20th day of May, 2011, by Preet Singh Puri.

Witness my hand and official seal:

Palminder Singh
Notary Public

My commission expires: April 11, 2012
[Seal]

Dated this 23rd day of May, 2011.

DORSEY & WHITNEY LLP

s/ *Gregory S. Tamkin*
Gregory S. Tamkin
Evan M. Rothstein
Attorneys for Plaintiff Preet Singh Puri

Plaintiffs' Addresses:

Preet S. Puri
10018 Whistling Elk Dr.
Littleton, CO 80127

K&G Stores / K&G Petroleum
10459 Park Meadows Drive, Suite 101
Littleton, CO 80124

# EXHIBIT 3

EFILED Document
CO Douglas County District Court 18th JD
Filing Date: Jun 22 2011  4:59PM MDT
Filing ID: 38298560
Review Clerk: georgia courtright

| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO**<br>Douglas County Justice Center<br>4000 Justice Way<br>Castle Rock, CO 80109-1918<br>Tel. 303-663-7200 | |
| **Plaintiff:**<br>PREET SINGH PURI, an individual<br><br>v.<br><br>**Defendants:**<br>BALJIT S. NANDA, an individual and PCF SALECO, LLC, a Delaware Limited Liability Company | |
| | ▲   **COURT USE ONLY**   ▲ |
| **Intervening Plaintiff:**<br>BALJIT S. NANDA derivatively on behalf of K&G PETROLEUM, LLC<br><br>v.<br><br>**Defendant:**<br>PREET SINGH PURI | Case Number: 2010 CV 538<br><br>Division: 3 |
| Patrick D. Vellone, No. 15284<br>Matthew M. Wolf, No. 33198<br>Allen & Vellone, P.C.<br>1600 Stout Street, Suite 1100<br>Denver, CO 80202-3160<br>Phone Number:  303-534-4499<br>FAX Number:  303-893-8332<br>E-mail:  pvellone@allen-vellone.com<br>***Counsel for Baljit S. Nanda and K&G*** | |

## DEFENDANT / COUNTERCLAIM PLAINTIFF'S
### ANSWER TO AMENDED COMPLAINT AND JURY DEMAND AND COMPLAINT IN INTERVENTION

Defendant / Counterclaim Plaintiff, Baljit S. Nanda ("Nanda"), by and through his undersigned counsel, Allen & Vellone, P.C., hereby submits this Answer to Plaintiff's Amended Complaint and Jury Demand and Complaint in Intervention ("Complaint"):

1.      Nanda denies the allegations in ¶ 1 of the Complaint.

2.      Nanda denies the allegations in ¶ 2 of the Complaint.

3.      Nanda denies the allegations in ¶ 3 of the Complaint.

4.      Nanda denies the allegations in ¶ 4 of the Complaint.

5.      Nanda denies the allegations in ¶ 5 of the Complaint.

6.      Nanda denies the allegations in ¶ 6 of the Complaint.

7.      Nanda denies the allegations in ¶ 7 of the Complaint. By way of further response, Nanda states that he, on behalf of K&G Petroleum, LLC., negotiated an amendment to the existing fuel purchase agreement with Conoco-Phillips in March of 2011.

8.      Nanda denies the allegations in ¶ 8 of the Complaint. By way of further response, Nanda states that he has been negotiating a Lease of the convenience stores to 7-Eleven on behalf of K&G Stores, Inc. and K&G Petroleum, LLC.

9.      Nanda denies the allegations in ¶ 9 of the Complaint.

10.     The allegations in ¶ 10 of the Complaint are a prayer for relief to which no response is necessary. To the extent the allegations in ¶ 10 of the Complaint can be deemed a statement of fact, Nanda denies the same.

11.     With respect to allegations in ¶ 11 of the Complaint, Nanda admits that Plaintiff Puri was and is a member of K&G Petroleum, LLC. Nanda denies that Plaintiff Puri is a shareholder of K&G Stores, Inc. By way of further response, Nanda states that Plaintiff Puri should not be considered a shareholder of K&G Stores, Inc. because he acquired his interest through fraud and misrepresentation. Nanda is without sufficient knowledge or information to either admit or deny the remaining allegations of ¶ 11.

12.     With respect to allegations in ¶ 12 of the Complaint, Nanda admits that on or about May 9 and May 18, 2011, Plaintiff Puri through his counsel, Dorsey & Whitney, LLP, contacted counsel for Nanda, Robinson Waters & O'Dorisio, P.C., regarding derivative claims stated in the Complaint. Nanda is without sufficient knowledge or information to either admit or deny the remaining allegations of ¶ 12.

13.     With respect to allegations in ¶ 13 of the Complaint, Nanda admits that K&G Petroleum, LLC has two members. Further, Nanda refers Plaintiff Puri to the Articles of Organization, Bylaws, and Operating Agreement of K&G Petroleum, LLC and states that these documents speak for themselves. Nanda denies the remaining allegations of ¶ 13.

14.     With respect to allegations in ¶ 14 of the Complaint, Nanda admits that On May 10, 2011, counsel for Plaintiff Puri contacted Randy E. Dunn of Dean Dunn & Phillips, LLC, counsel for K&G Petroleum, LLC and K&G Stores, Inc., in writing. Further, Nanda states that this communication speaks for itself. Nanda denies the remaining allegations of ¶ 14.

15.     Nanda denies the allegations in ¶ 15 of the Complaint.

16.     Nanda admits the allegations in ¶ 16 of the Complaint.

17.     Nanda admits that K&G Stores, Inc., is a Colorado corporation with an address of 10459 Park Meadows Drive, Suite 101, Littleton, CO 80124, which is in this district. Nanda denies the remaining allegations of ¶ 17.

18.     Nanda admits that K&G Petroleum, LLC is a Colorado limited liability company with an address of 10459 Park Meadows Drive, Suite 101, Littleton, CO 80124, which is in this district, and that Plaintiff Puri is a member and manager of K&G Petroleum, LLC. Nanda denies the remaining allegations of ¶ 18.

19.     Nanda admits the allegations in ¶ 19 of the Complaint.

20.     Nanda admits the allegations in ¶ 20 of the Complaint.

21.     Nanda admits the allegations in ¶ 21 of the Complaint.

22.     In response to allegations in ¶ 22 of the Complaint, Nanda admits that he owns at least 51% of K&G Petroleum, LLC and at least 78% of K&G Stores, Inc. Nanda denies the remaining allegations of ¶ 22.

23.     In response to allegations in ¶ 23, Nanda admits that Nanda formed K&G Stores, Inc. with Karmjit Sahl. Nanda denies the remaining allegations of ¶ 23. By way of further response, Nanda states that K&G Stores, Inc. was formed on November 18, 1993.

24.     In response to allegations in ¶ 24, Nanda admits that an agreement was reached wherein Plaintiff would pay $500,000 to Nanda in exchange for a 22% investment in K&G Stores, Inc. Nanda denies the remaining allegations of ¶ 24.

25.     In response to allegations in ¶ 25, Nanda admits that an agreement was reached wherein Plaintiff would pay $500,000 to Nanda in exchange for a 22% investment in K&G Stores, Inc. Nanda denies the remaining allegations of ¶ 25.

26.     In response to allegations in ¶ 26, Nanda admits that an agreement was reached wherein Plaintiff would pay $500,000 to Nanda in exchange for a 22% investment in K&G Stores, Inc. Nanda specifically denies that Puri advanced $500,000 to K&G Stores, Inc. Nanda denies the remaining allegations of ¶ 26.

27.     In response to allegations in ¶ 27, Nanda admits that K&G Stores, Inc., has achieved a degree of profitability and that he has an interest in the mushroom farms. Nanda denies the remaining allegations of ¶ 27.

Plaintiff's claims are barred, in whole or in part, by the business judgment rule.

WHEREFORE, Nanda respectfully requests that Plaintiff's claims be dismissed with prejudice and award Nanda his reasonable costs incurred in this action and for such other and further relief as the Court deems just and proper.

NANDA REQUESTS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

Respectfully submitted this 22nd day of June, 2011.

ALLEN & VELLONE, P.C.

By: _s/Matthew M. Wolf_____
Patrick D. Vellone, No. 15284
Matthew M. Wolf, No. 33198

# EXHIBIT 4



Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

## CERTIFICATE OF CORPORATE EXISTENCE AND FIDUCIARY POWERS

I, John Walsh, Acting Comptroller of the Currency, do hereby certify that:

1. The Comptroller of the Currency, pursuant to Revised Statutes 324, et seq, as amended, and 12 USC 1, et seq, as amended, has possession, custody, and control of all records pertaining to the chartering, regulation, and supervision of all national banking associations.

2. "JPMorgan Chase Bank, National Association," Columbus, Ohio (Charter No. 8), is a national banking association formed under the laws of the United States and is authorized thereunder to transact the business of banking and exercise fiduciary powers on the date of this certificate.



IN TESTIMONY WHEREOF, today, October 12, 2011, I have hereunto subscribed my name and caused my seal of office to be affixed to these presents at the U.S. Department of the Treasury, in the City of Washington, District of Columbia.

*John Walsh*

Acting Comptroller of the Currency

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No.: _____


BALJIT S. NANDA, derivatively on behalf of
K&G PETROLEUM, LLC,

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., also known as
JPMORGAN CHASE & CO., and J.P. MORGAN
CHASE NATIONAL CORPORATE SERVICES, INC.,

      Defendant.

---

**EXHIBIT 5 TO NOTICE OF REMOVAL**
**STATE COURT PLEADINGS INDEX**

---

| Exhibit No. | File Date | Pleading Name |
|---|---|---|
| 6 | March 13, 2012 | Verified Complaint |
| 7 | March 13, 2012 | District Court Civil (CV) Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint |
| 8 | March 26, 2012 | Affidavit of Service |
| 9 | March 26, 2012 | Summons Upon J.P. Morgan Chase National Corporate Services, Inc. |

# EXHIBIT 6

EFILED Document
CO Douglas County District Court 18th JD
Filing Date: Mar 13 2012  6:05PM MDT
Filing ID: 43067160
Review Clerk: catherine cunningham

| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO** <br> Douglas County Justice Center <br> 4000 Justice Way <br> Castle Rock, CO 80109-1918 <br> Tel. 303-663-7200 | |
| **Plaintiff:** <br> BALJIT S. NANDA derivatively on behalf of K&G PETROLEUM, LLC. <br><br> v. | |
| **Defendant:** <br> JPMORGAN CHASE BANK, N.A., also known as JPMORGAN CHASE & CO. and J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. | **▲ COURT USE ONLY ▲** |
| Patrick D. Vellone, No. 15284 <br> Matthew M. Wolf, No. 33198 <br> Tatiana G. Popacondria, No. 42261 <br> Allen & Vellone, P.C. <br> 1600 Stout Street, Suite 1100 <br> Denver, CO 80202-3160 <br> Phone Number:  303-534-4499 <br> FAX Number:  303-893-8332 <br> E-mail:  pvellone@allen-vellone.com <br>       mwolf@allen-vellone.com <br>       tpopacondria@allen-vellone.com <br> ***Counsel for Plaintiff*** | Case Number: <br><br> Division: |
| **VERIFIED COMPLAINT** | |

Baljit S. Nanda ("Nanda"), derivatively on behalf of K&G Petroleum, LLC, by and through the undersigned counsel, Allen & Vellone P.C., for the Complaint against the above-named defendant states and avers as follows:

## PARTIES

1. Plaintiff K&G Petroleum, LLC ("Petroleum") is a Colorado limited liability company with the principal address at 10459 Park Meadows Drive, Building 3, Littleton, CO

80124.

2.      JPMorgan Chase Bank, N.A., is a national association with its principal executive office located at 270 Park Ave., 38th Floor, New York, NY 10017.

3.      JPMorgan Chase & Co., is a Delaware corporation with its principal street address at 270 Park Ave., 38th Floor, New York, NY 10017, and its principal mailing address at 4 New York Plaza, 19th Floor, New York, NY 10004.

4.      J.P. Morgan Chase National Corporate Services, Inc. is a New York corporation with its principal street and mailing address at 270 Park Ave., New York, NY 10017.

## JURISDICTION AND VENUE

5.      Pursuant to C.R.C.P. 98(c)(5), venue is proper in this Court, because the tort has been committed in Douglas County; and/or pursuant to C.R.C.P. 98(c)(1), because Defendant may be found in Douglas County.

6.      Pursuant to Colorado Constitution, Article VI § 9, this Court is vested with subject matter jurisdiction over the claims asserted in this action.

## GENERAL ALLEGATIONS

7.      Nanda is the founder, manager and member of Petroleum. He owns the majority of the outstanding membership interest in Petroleum.

8.      Preet Singh Puri ("Puri") is the minority member of Petroleum, who owns, at best, 49% of Petroleum.

9.      At all relevant times, Nanda was a member of Petroleum, and was a member of Petroleum at the time of the transactions challenged herein.

10.     Any effort to obtain Puri's consent to bring this action would be futile, since he is

the member who, as herein alleged, was involved as a wrongdoer.

11.     Nevertheless, on March 7, 2012, via a letter from the undersigned counsel, Nanda attempted to convince counsel for Puri, the only other member of Petroleum, of the propriety of the claims alleged herein. Any further effort to secure Puri's agreement would be futile.

12.     In addition, on March 7, 2012, Nanda, via a letter from the undersigned counsel, requested that Petroleum bring these claims against Chase. Any further demand for corporate action would be futile because Puri, the only other member of Petroleum, is an adverse party.

13.     Because claims asserted herein against Chase implicate Puri as an additional wrongdoer, members of Petroleum will not be able to agree to proceed with this action.

14.     At all relevant times, Puri was Petroleum's employee and one of its two "managers."

15.     Nanda is also the president and majority shareholder of K&G Stores, Inc. ("Stores").

16.     On or about November 18, 2005, Puri opened a checking and the associated savings account (the "Account") with JP Morgan Chase Bank, N.A. ("Chase") in the name of K&G Petroleum, L.L.C.

17.     When opening the Account, on the account setup form Puri indicated that he was the sole owner/member of Petroleum.

18.     Rather than using Petroleum's business address, Puri used his home address as the contact for the Account.

19.     Puri was the only person with access to that Account and he maintained the sole signature authority on the Account.

20.    At the time the Account was opened, Chase did not inquire and did nothing to confirm whether Puri was in fact the sole owner/member of Petroleum.

21.    At the time the Account was opened, Chase did not inquire and did nothing to confirm that the address provided by Puri was Petroleum's business address.

22.    Chase failed to inquire into Puri's authority to open, maintain, and deposit Petroleum's funds into the Account.

23.    Nanda did not discover until February of 2011 that Puri had opened the Account. Such discovery was made in connection with litigation between Nanda and Puri, Case Number 2010 CV 538, currently pending before the Douglas County District Court, State of Colorado.

24.    Nanda, the majority member and manager of Petroleum, did not know about, let alone authorize, Puri to open this Account.

25.    Nanda did not authorize Puri to deposit or direct any of Petroleum's money into this Account.

26.    Puri was not authorized to withdraw Petroleum's funds from the Account.

27.    Puri was not authorized to draw checks on the Account or make payments from the Account.

28.    Puri was not authorized to transfer Petroleum's funds from the Account into Puri's personal accounts at various banks, including Chase.

29.    Furthermore, the Account statements were sent to an address that did not provide notice to Nanda that the Account had been opened, nor did Nanda have an opportunity to review any bank statements.

30.    From about November 28, 2005 until about November 12, 2010, Puri directed

4

approximately $6,689,730 of Petroleum's funds into the Account.

31.     The Account earned approximately $87,000 in interest from 2005 until the end of 2010.

32.     Puri paid out of, and charged to, the Account various personal items and expenses in the total amount of $68,913.

33.     In addition, Puri withdrew $6,572,420, the balance of the deposited funds, along with interest, and deposited the same in personal accounts at JP Morgan Chase Bank and other financial institutions.

34.     Chase failed to inquire about Puri's authority to use Petroleum's funds in a way described herein.

35.     Puri closed the Account in late 2010, apparently after receiving discovery requests from Nanda in Case Number 2010 CV 538, currently pending in Douglas County District Court, State of Colorado.

### FIRST CLAIM FOR RELIEF
### (Negligence)

36.     Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs, as if set forth fully herein.

37.     Chase owed to Petroleum, its customer and a person in whose name the account was opened, a duty to act with due care and in a commercially prudent manner during the Account opening process and a duty to verify that all withdrawals, transfers and payments from the Account were authorized.

38.     Puri had no authority to open the Account on behalf of Petroleum.

39.     From about November 28, 2005 until about November 12, 2010, Puri deposited

approximately $6,689,730 of Petroleum's funds into the Account.

40.     Puri paid out of, and charged to, the Account various personal items and expenses in the total amount of $68,913.

41.     In addition, Puri withdrew $6,572,420, the balance of the deposited funds, along with interest, and deposited the same in personal accounts at JP Morgan Chase Bank and other financial institutions.

42.     Puri was not authorized to use Petroleum's funds deposited in the Account in a way described herein.

43.     By allowing Puri to open the Account, Chase breached the duty of inquiry it owed to Petroleum to investigate and verify, *inter alia*, that Puri had authority to open the account on behalf of Petroleum and deposit Petroleum's money therein.

44.     By allowing Puri to use Petroleum's funds in the Account in the manner described herein, Chase breached its duty to verify that withdrawals, transfers, and payments from the Account were authorized.

45.     As a result of Chase's breach of its duties to Petroleum, Petroleum has been damaged in the amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Improper Payment, C.R.S. § 4-4-401)**

46.     Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs, as if set forth fully herein.

47.     Chase has a duty to only pay properly payable items of its customer.

48.     Petroleum did not authorize Chase to allow Puri to, *inter alia*, write checks or make other payments from the Account for Puri's own benefit.

6

49.   Chase's charges against the Account constituted improper payment.

50.   Chase's actions caused Petroleum damages and Petroleum is entitled to have the Account re-credited in the amount of such improper payments to be proven at trial.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Nanda requests that Petroleum be awarded damages in the amount to be proven at trial, along with pre- and post-judgment interest, costs, attorneys' fees and such other and further relief as this Court deems just and proper.

**DATED THIS** ____ day of March, 2012.

ALLEN & VELLONE, P.C.

*Pursuant to C.R.C.P. 121, § 1-26(7), a printed copy of this document with original signatures shall be maintained by the filing party and made available for inspection by other parties or the court upon request.*

By: *s/ Matthew M. Wolf*
Patrick D. Vellone, No. 15284
Matthew M. Wolf, No. 33198
Tatiana G. Popacondria, No. 42261

ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S ADDRESS:
10459 Park Meadows Drive Building 3
Littleton, CO 80124.

## VERIFICATION

I, Baljit S. Nanda, a majority member of K&G Petroleum, L.L.C., of lawful age and being first duly sworn, state that I am authorized to verify the foregoing Verified Complaint, and that the information stated therein is true and accurate to the best of my knowledge and belief.

Dated this 12th day of _March_, 2012

_Baljit S. Nanda_

STATE OF COLORADO ) 
) ss.
COUNTY OF DOUGLAS )


Subscribed and sworn to before me this 12 day of _March_, 2012 by _Baljit S. Nanda_.

WITNESS by hand and official seal

My Commission expires: _11/16/13_

[SEAL] DAN J KIEL
Notary Public
State of Colorado

Notary Public

# EXHIBIT 7

EFILED Document
CO Douglas County District Court 18th JD
Filing Date: Mar 13 2012  6:05PM MDT
Filing ID: 43067160
Review Clerk: catherine cunningham

| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO**<br>Douglas County Justice Center<br>4000 Justice Way<br>Castle Rock, CO 80109-1918<br>Tel. 303-663-7200 | |
| **Plaintiff:**<br>BALJIT S. NANDA derivatively on behalf of K&G PETROLEUM, LLC.<br><br>v.<br><br>**Defendant:**<br>JPMORGAN CHASE BANK, N.A., also known as JPMORGAN CHASE & CO. and J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. | ▲  COURT USE ONLY  ▲ |
| Patrick D. Vellone, No. 15284<br>Matthew M. Wolf, No. 33198<br>Tatiana G. Popacondria, No. 42261<br>Allen & Vellone, P.C.<br>1600 Stout Street, Suite 1100<br>Denver, CO 80202-3160<br>Phone Number:  303-534-4499<br>FAX Number:  303-893-8332<br>E-mail:  pvellone@allen-vellone.com<br>            mwolf@allen-vellone.com<br>            tpopacondria@allen-vellone.com<br>***Counsel for Plaintiff*** | Case Number:<br><br>Division: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1.      This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case.  It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2.      Check the boxes applicable to this case.

☐  Simplified Procedure under C.R.C.P. 16.1 **applies** to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any

attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

☒ Simplified Procedure under C.R.C.P. 16.1, **does not apply** to this case because (check one box below identifying why 16.1 does not apply):

☐ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☒ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)), **or**

☐ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3. ☒. This party makes a **Jury Demand** at this time and pays the requisite fee.   See C.R.C.P. 38.   (Checking this box is optional.)

**DATED THIS** 13th day of March, 2012.

ALLEN & VELLONE, P.C.

*Pursuant to C.R.C.P. 121, § 1-26(7), a printed copy of this document with original signatures shall be maintained by the filing party and made available for inspection by other parties or the court upon request.*

By: *s/ Matthew M. Wolf_____*
Patrick D. Vellone, No. 15284
Matthew M. Wolf, No. 33198
Tatiana G. Popacondria, No. 42261

ATTORNEYS FOR PLAINTIFF

---

| NOTICE |
|---|
| ✓  This cover sheet must be filed in all District Court Civil (CV) Cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing. |
| ✓  This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint. |
| ✓  This cover sheet shall not be considered a pleading for purposes of C.R.C.P. 11. |

# EXHIBIT 8

## AFFIDAVIT OF SERVICE

| State of Colorado | County of Douglas | District Court |

Case Number:  *2012CV569*

EFILED Document
CO Douglas County District Court 18th JD
Filing Date: Mar 26 2012  3:56PM MDT
Filing ID: 43309324
Review Clerk: denisa bogart

Plaintiff:
**Baljit S Nanda derivatively on behalf of K & G Petroleum, LLC**
vs.
Defendants:
**JPMorgan Chase Bank, NA, also known as JPMorgan Chase & Co.
and JP Morgan Chase National Corporate Services, Inc.**

For:
Allen & Vellone Attorneys at Law
1600 Stout Street
Suite 1100
Denver, CO  80202

Received by Front Range Legal Process Service, Inc. to be served on **JPMorgan Chase Bank, NA aka JPMorgan Chase & Co. And J.P. Morgan Chase National Corproate Services, Inc. R/A The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202.**

I, Kevin Oswald, being duly sworn, depose and say that on the **19th day of March, 2012 at 3:16 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons Upon J.P. Morgan Chase National Corporate Services, Inc.; and District Court Civil (CV) Case Cover Sheet For Initial Pleadings Of Complaint, Counterclaim, Cross-Claim Or Third Party Complaint; Verified Complaint** with the date and hour of service endorsed thereon by me, to: **Lori Gray as Process Specialist/Authorized for And J.P. Morgan Chase National Corproate Services, Inc.**, at the address of: **1675 Broadway, Suite 1200, Denver, CO 80202**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and sworn to before me on the 23rd day of March, 2012 by the affiant who is personally known to me.

Notary public

**JULIA BARELA
NOTARY PUBLIC
STATE OF COLORADO**
My Commission Expires: 07/15/____

**Kevin Oswald**

**Front Range Legal Process Service, Inc.**
**145 W. Swallow Road**
**Fort Collins, CO 80525**
**(888) 387-3783**

Our Job Serial Number: FRS-2012002032

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4g

# EXHIBIT 9

<table>
<tr><td>

**DISTRICT COURT, DOUGLAS COUNTY,**
**STATE OF COLORADO**
Douglas County Justice Center
4000 Justice Way
Castle Rock, CO 80109-1918
Tel. 303-663-7200

</td><td></td></tr>
</table>

| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO**<br>Douglas County Justice Center<br>4000 Justice Way<br>Castle Rock, CO 80109-1918<br>Tel. 303-663-7200 | |
| **Plaintiff:**<br>BALJIT S. NANDA derivatively on behalf of K&G PETROLEUM, LLC.<br><br>v.<br><br>**Defendant:**<br>JPMORGAN CHASE BANK, N.A., also known as JPMORGAN CHASE & CO. and J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. | **▲ COURT USE ONLY ▲** |
| Patrick D. Vellone, No. 15284<br>Matthew M. Wolf, No. 33198<br>Tatiana G. Popacondria, No. 42261<br>Allen & Vellone, P.C.<br>1600 Stout Street, Suite 1100<br>Denver, CO 80202-3160<br>Phone Number: 303-534-4499<br>FAX Number: 303-893-8332<br>E-mail:  pvellone@allen-vellone.com<br>        mwolf@allen-vellone.com<br>        tpopacondria@allen-vellone.com<br>***Counsel for Plaintiff*** | Case Number:  2012CV569<br><br>Division:  3 |
| **SUMMONS UPON J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.** | |

**THE PEOPLE OF THE STATE OF COLORADO**
**TO THE ABOVE-NAMED DEFENDANT**: JPMORGAN CHASE BANK, N.A., also known as JPMORGAN CHASE & CO. and J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., C/O The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202

You are hereby summoned and required to file with the clerk of this court an answer or other response to the attached complaint.  If service of the summons and complaint was made upon you within the State of Colorado, you are required to file your answer or other response within

21 days after such service upon you. If service of the summons and verified complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 30 days after such service upon you.

If you fail to file your answer or other response to the verified complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint without further notice.

The following documents are also served herewith: Civil Complaint Cover Sheet, Complaint.

**DATED THIS** 15th day of March, 2012.

ALLEN & VELLONE, P.C.

*Pursuant to C.R.C.P. 121, § 1-26(7), a printed copy of this document with original signatures shall be maintained by the filing party and made available for inspection by other parties or the court upon request.*

By: *s/ Matthew M. Wolf*
Patrick D. Vellone, No. 15284
Matthew M. Wolf, No. 33198
Tatiana G. Popacondria, No. 42261

ATTORNEYS FOR PLAINTIFF

**This summons is issued pursuant to Rule 4, C.R.C.P.**
**A copy of the verified complaint must be served with this summons.**

<table>
<tr>
<td>

**DISTRICT COURT, DOUGLAS COUNTY, STATE OF COLORADO**

Douglas County Justice Center
4000 Justice Way
Castle Rock, CO 80109-1918
Tel. 303-663-7200

</td>
<td>

EFILED Document
CO Douglas County District Court 18th JD
Filing Date: Mar 26 2012  3:56PM MDT
Filing ID: 43309324
Review Clerk: denisa bogart

</td>
</tr>
<tr>
<td>

**Plaintiff:**
BALJIT S. NANDA derivatively on behalf of K&G PETROLEUM, LLC.

v.

**Defendant:**
JPMORGAN CHASE BANK, N.A., also known as JPMORGAN CHASE & CO. and J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.

</td>
<td>

▲  **COURT USE ONLY**  ▲

</td>
</tr>
<tr>
<td>

Patrick D. Vellone, No. 15284
Matthew M. Wolf, No. 33198
Tatiana G. Popacondria, No. 42261
Allen & Vellone, P.C.
1600 Stout Street, Suite 1100
Denver, CO 80202-3160
Phone Number:  303-534-4499
FAX Number:  303-893-8332
E-mail:  pvellone@allen-vellone.com
        mwolf@allen-vellone.com
        tpopacondria@allen-vellone.com
*Counsel for Plaintiff*

</td>
<td>

Case Number:

Division:

</td>
</tr>
<tr>
<td colspan="2">

**SUMMONS UPON J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.**

</td>
</tr>
</table>

**THE PEOPLE OF THE STATE OF COLORADO**
**TO THE ABOVE-NAMED DEFENDANT**:  JPMORGAN CHASE BANK, N.A., also known as JPMORGAN CHASE & CO. and J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC., C/O The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202

You are hereby summoned and required to file with the clerk of this court an answer or other response to the attached complaint.  If service of the summons and complaint was made upon you within the State of Colorado, you are required to file your answer or other response within

21 days after such service upon you.  If service of the summons and verified complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 30 days after such service upon you.

If you fail to file your answer or other response to the verified complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint without further notice.

The following documents are also served herewith:   Civil Complaint Cover Sheet, Complaint.

**DATED THIS** 15th day of March, 2012.

ALLEN & VELLONE, P.C.

*Pursuant to C.R.C.P. 121, § 1-26(7), a printed copy of this document with original signatures shall be maintained by the filing party and made available for inspection by other parties or the court upon request.*

By: *s/ Matthew M. Wolf*_____
Patrick D. Vellone, No. 15284
Matthew M. Wolf, No. 33198
Tatiana G. Popacondria, No. 42261

ATTORNEYS FOR PLAINTIFF

**This summons is issued pursuant to Rule 4, C.R.C.P.**
**A copy of the verified complaint must be served with this summons.**

# EXHIBIT 10

| | |
|---|---|
| **DISTRICT COURT, DOUGLAS COUNTY, COLORADO**<br>Douglas County Justice Center<br>4000 Justice Way<br>Castle Rock, CO 90109-1918<br>(303) 663-7200 | |
| **PLAINTIFF:**<br><br>BALJIT S. NANDA, derivatively on behalf of<br>K&G PETROLEUM, LLC,<br><br>v. | ▲**COURT USE ONLY**▲ |
| **DEFENDANT:**<br><br>JPMORGAN CHASE BANK, N.A., also known as<br>JPMORGAN CHASE & CO., and J.P. MORGAN<br>CHASE NATIONAL CORPORATE SERVICES, INC. | Case No.: 2012 CV 569<br><br>Division: 3 |
| *Attorney for Defendant:*<br>Troy A. Eid, #21164<br>GREENBERG TRAURIG, LLP<br>1200 Seventeenth Street, Suite 2400<br>Denver, Colorado 80202<br>Phone: (303) 572-6500<br>Fax:    (303) 572-6540<br>Email:  eidt@gtlaw.com | |
| **NOTIFICATION OF DEFENDANT'S FILING OF NOTICE OF REMOVAL** | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

In accordance with 28 U.S.C. § 1446(d), notice is hereby given that Defendant JPMorgan Chase Bank, N.A. has filed a Notice of Removal with the United States District Court for the District of Colorado for the purpose of removing the above-entitled action from this Court. Attached hereto as **Exhibit A** is a true and correct copy of the Notice of Removal which was filed this date with the United States District Court for the District of Colorado.

28 U.S.C. § 1446(d) provides that this Court need take no further action with respect to this case "unless and until the case is remanded."

Dated:  April 6, 2012.             Respectfully submitted,

*s/ Troy A. Eid*
Troy A. Eid

ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 6th day of April 2012, a true and correct copy of the foregoing **NOTIFICATION OF DEFENDANT'S FILING OF NOTICE OF REMOVAL** was filed with the Clerk of the Court via the LexisNexis efiling system which will send notification via electronic mail to the following:

Patrick D. Vellone, Esq.
Matthew M. Wolf, Esq.
Tatiana G. Popacondria, Esq.
Allen & Vellone, P.C.
1600 Stout Street, Suite 1100
Denver, Colorado 80202-3160
Email: pvellone@allen-vellone.com
      mwolf@allen-vellone.com
      tpopacondria@allen-vellone.com

*Attorneys for Plaintiff*

*s/Denise Benitez*
Denise Benitez

(Original on file at the offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)